# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                      Criminal No. 12-225 (DWF)

                            Respondent-Plaintiff,

v.                                                                          **MEMORANDUM**
                                                                       **OPINION AND ORDER**

Jermaine Aquarius Edison,

                            Petitioner-Defendant.

---

Jermaine Aquarius Edison., Petitioner-Defendant, *Pro Se*.

Andrew S. Dunne and Jeffrey S. Paulsen, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Jermaine Aquarius Edison's ("Petitioner-Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Doc. No. 152 ("Motion").)  The United States of America (the "Government") opposes Petitioner-Defendant's motion.  (Doc. No. 154.)

Petitioner-Defendant alleges that because the Court wrongly imposed a sentencing enhancement pursuant to 18 U.S.C. § 851, his sentence is too long.  He asks the court to reconsider his sentence and for an evidentiary hearing.  The Government opposes any order to disturb the judgment entered on the grounds that Petitioner-Defendant's Motion is time-barred and because he may not relitigate in the context of a § 2255 motion an

issue that was decided against him on direct appeal.  The Government further argues that no evidentiary hearing is warranted and no certificate of appealability should issue.

As elaborated below, the Court respectfully denies Petitioner-Defendant's motion because it is time-barred and because he may not relitigate an issue he already lost on direct appeal.

## BACKGROUND

On September 11, 2012, a grand jury in the District of Minnesota returned a 7-count Indictment charging the Petitioner-Defendant, and one other co-defendant, with federal drug trafficking offenses involving cocaine, cocaine base, and methylenedioxypyrovalerone (MDPV or "Ecstasy").  (Doc. No. 7.)  On December 18, 2012, the Petitioner-Defendant appeared before this Court and pled guilty to Count 1 of the Indictment charging him with conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of cocaine base ("crack"), and a quantity of MDPV or "Ecstasy," in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.  (Doc. No. 60.)

Following the guilty plea, and consistent with similarly situated cases, the Court ordered a Presentence Report ("PSR") to be prepared by the United States Probation and Pretrial Services Office.  (*Id.*)  The PSR determined that the Petitioner-Defendant was accountable for 49.6 grams of cocaine, 25.3 grams of cocaine base, and 1,465 pills of "Ecstasy," resulting in a base offense level of 26.  (*See* PSR ¶ 27 (filed under seal).)  The PSR recommended a 3-level guideline reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.  (*See id.* ¶ 32.)

Significantly, the PSR reported that the Petitioner-Defendant was a career offender under U.S.S.G. § 4B1.1(b), resulting in a base offense level of 37. (*See id.* ¶ 34.) The determination in the PSR that the Petitioner-Defendant was a career offender was based upon his prior felony convictions for assault and drug offenses. (*See id.* ¶¶ 34, 43-44 and 47.) Accordingly, with an adjusted offense level of 34, and a criminal history score of VI, the PSR reported that the Petitioner-Defendant's applicable guideline range of imprisonment as a career offender was 262-327 months. (*See id.* ¶ 96.) There was also a statutory mandatory minimum of 120 months pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. (*See id.*¶ 95.)

The Court sentenced the Petitioner-Defendant on August 27, 2013. (Doc. No. 90.) Prior to sentencing, the Government filed a motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for a downward departure from the applicable guideline range of imprisonment and statutory mandatory minimum sentence based upon the Petitioner-Defendant's substantial assistance. (Doc. No. 61.) The Petitioner-Defendant also filed a motion for a downward variance. (Doc. No. 73.) At sentencing, the Court adopted the factual findings and guideline calculations set forth in the PSR, including the sentencing enhancement pursuant to 21 U.S.C. § 851 for prior convictions, and granted the Government's motion. (*See* Doc. Nos. 91-92 ("Sentencing Judgment/Statement of Reasons").) The Court also granted the Petitioner-Defendant's motion for a downward variance, agreeing that a criminal history category of VI over-represented the Defendant's past criminal activity. (*See id.*) The Court reduced the Petitioner-

Defendant's criminal history category to V.  (*See* Doc. No. 100 ("Sentencing Trans.") at 46.)

The Court determined that because the Petitioner-Defendant was a career offender with an adjusted offense level of 34 and a criminal history score of V, the Petitioner-Defendant's applicable guideline range of imprisonment was 235-293 months.  (*See id.*) The Court ultimately imposed a sentence of 176 months imprisonment to be followed by an eight-year term of supervised release.  (*See* Sentencing Judgment/Statement of Reasons.)  The 176-month sentence represented a downward departure from the bottom of the applicable career offender guideline range of imprisonment based upon the Government's motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), as well as the Petitioner-Defendant's motion for a downward departure that a criminal history category VI over-represented the Petitioner-Defendant's past criminal activity.  (*See* Sentencing Trans. at 46-47.)

The Petitioner-Defendant appealed his sentence to the United States Court of Appeals for the Eighth Circuit.  (Doc. No. 93.)  The Petitioner-Defendant argued that his sentence was unreasonable and greater than necessary to achieve the statutory goals of sentencing.  The Eighth Circuit affirmed the sentence imposed by the Court.  *See United States v. Edison*, 756 F.3d 638 (8th Cir.), *cert. denied*, 135 S. Ct. 422, 190 L. Ed. 2d 305 (2015).  (Doc. Nos. 102-103).

On or about April 6, 2015, the Defendant submitted a *pro se* motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. No. 109).  The Defendant's *pro se* motion was based upon Amendment 782 to the Sentencing Guidelines

which revised the Drug Quantity Table under U.S.S.G. § 2D1.1 across drug and chemical types and reduced drug quantity base offense levels by two level, thereby lowering the advisory guidelines for certain drug offenses.  The Court found that Amendment 782 did not lower the sentencing range established for a career offender and therefore denied Petitioner-Defendant's motion.

On or about April 8, 2020, Petitioner-Defendant filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Motion.)

## DISCUSSION

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).  If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Moreover, § 2255 actions have a one-year limitation period that runs from the latest of the date which:  (1) the judgment of conviction becomes final; (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C.A. § 2255.

Finally, a defendant may not use a § 2255 petition to relitigate issues that were decided against him on direct appeal, or that could have been raised on direct appeal but were not.  *English v. United States*, 998 F.2d 609, 612-13 (8th Cir. 1993); *Thompson v United States,* 7 F.3d 1377, 1379 (8th Cir. 1993); *Reed v. United States*, 976 F.2d 446, 447 (8th Cir. 1992); *Ford v. United States*, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam) (claims which could have been raised on direct appeal will not be considered in a section 2255 proceeding absent cause and substantial, actual prejudice).

Petitioner-Defendant argues that contrary to the principles recently advanced by the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Rehaif v. United States*, 131 S. Ct. 2191 (2019), the Court wrongly applied a sentencing enhancement based on prior convictions to "impose more time in prison than justified by

[Petitioner-Defendant's] record and/or the law."[1]  (Motion at 4-7.)  Petitioner-Defendant

asserts that when the Court considered his record, the Court "did not give due credit to

the environment in which he lived and the pressures upon a released criminal" and

therefore wrongly justified the sentencing enhancement.  (*Id.* at 6.)  Petitioner-Defendant

argues further that while he knew the activity he engaged in was not proper, "he was

completely *unaware* that by violating each of the laws for which he was charged,

required to plead guilty and be punished, he was subjecting himself to career criminal

sentences."  (*Id.* at 6-7 (emphasis in original).)  Petitioner-Defendant asserts that "[g]iven

the circumstances and the retroactivity of the two guiding cases recently decided by the

Supreme Court," the Court should "revisit his sentence and status [and] schedule an

evidentiary hearing to examine the facts."  (*Id.* at 7-8.)

The Government first argues that Petitioner-Defendant's Motion is time-barred

because it has been more than five years since the Eighth Circuit affirmed his sentence

and his conviction became final, and because no exception applies.  (Govt. Opp. at 5-6.)

---

[1]     In *Davis,* the Supreme Court held that the residual clause of the definition of
"violent felony" providing mandatory minimum sentences based on using, carrying, or
possessing a firearm in violation of 18 U.S.C. § 924(c) was unconstitutionally vague.
139 S. Ct. at 2323-24.

In *Rehaif*, the Supreme Court held that to convict a felon or other prohibited
person of possession of a firearm under 18 U.S.C. § 922, the Government must prove
both that the defendant had knowledge that the firearm was his possession, and that he
knew of his prohibited status at the time he possessed the firearm.  131 S. Ct. at 2200.

While Petitioner-Defendant concedes that his crimes differ from those relevant to
*Davis* and *Raif*, he contends that the same principles apply with respect to the length of
his sentence.  (Motion at 6.)

The Government argues further that even if Petitioner-Defendant's Motion was not time-barred, it would fail because he may not relitigate a claim he lost on direct appeal. (*Id.* at 6-7 (citing *English v. United States*, 998 F.2d 609, 612-13 (8th Cir. 1993); *Thompson v United States*, 7 F.3d 1377, 1379 (8th Cir. 1993); *Reed v. United States*, 976 F.2d 446, 447 (8th Cir. 1992); *Ford v. United States*, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam) (claims which could have been raised on direct appeal will not be considered in a section 2255 proceeding absent cause and substantial, actual prejudice)).)  The Government also asserts that no evidentiary hearing is warranted and no certificate of appealability should issue. (Govt. Opp. at 7.)

The Court agrees.  Petitioner-Defendant had a one-year limitation period that ran from the time the Eighth Circuit affirmed his sentence and his conviction became final to file his § 2255 action.  28 U.S.C.A. § 2255.  Petitioner-Defendant did not file his action within the required timeframe.  While Petitioner-Defendant appears to argue that his late filing is acceptable due to retroactive rights created by recent Supreme Court decisions, the Court finds that the cases he cites confer no additional rights because he was not charged pursuant to 18 U.S.C. § 924(c) or 18 U.S.C. § 922(g).  The Court understands that Petitioner-Defendant believes the same principles should apply to his case regardless of the offense he was charged with; notwithstanding, the Court finds no legal basis to apply the broader application Petitioner-Defendant seeks.  Accordingly, the Court finds that Petitioner-Defendant's Motion is time-barred.

Moreover, the Court agrees with the Government that even if Petitioner-Defendant's Motion was not time-barred, his Motion fails because he may not relitigate a

claim in the context of a § 2255 action that he already lost on direct appeal.[2]  "In the
absence of an intervening change in law, or newly discovered evidence, [the Court] will
not re-consider any claim that was resolved on direct appeal in a section 2255 habeas
proceeding."  *English*, 998 F.2d at 613.  Here, Petitioner-Defendant presents no newly
discovered evidence, and the Court rejects his claims that the law has changed or that the
Court ignored principles recently advocated by the Supreme Court.  Therefore, the Court
finds that Petitioner-Defendant's Motion fails for this reason as well.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no need for an evidentiary hearing.
A § 2255 motion can be dismissed without a hearing when:  (1) defendant's allegations,
if accepted as true, would not entitle him to relief; or (2) the allegations cannot be
accepted as true because they are contradicted by the record, are inherently incredible, or
are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981,
983 (8th Cir. 1998).  No hearing is necessary when the record is clear.  *Latorre v. United
States*, 193 F.3d 1035, 1038 (8th Cir. 1999).  Here, the record is clear that Defendant-
Petitioner is not entitled to relief because his Motion is time-barred and because he may
not relitigate an issue he already lost on direct appeal.

---

[2]     The record reflects that Petitioner-Defendant appealed his below-guideline 176-
month sentence as "substantially unreasonable" and "greater than necessary to achieve the
statutory goals of sentencing."  *United States v. Edison*, 756 F.3d 638, 639 (8th Cir. 2014).
The Eighth Circuit affirmed his sentence.  *Id.* at 641.

Accordingly, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court finds that Petitioner-Defendant's Motion fails because it is time-barred and because he may not relitigate an issue he already lost on direct appeal.  Based upon the presentations and submissions of the parties, the Court having carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Petitioner-Defendant Jermaine Aquarius Edison's *pro se* Motion to Vacate, Set Aside or Vacate Sentence and Conviction Judgment Pursuant to 28 U.S.C. § 2255 (Doc. No. [152]) is respectfully **DENIED**.

2.      No evidentiary hearing is required in this matter.

3.      No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  May 14, 2020                         s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge