UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-225 (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| Jermaine Aquarius Edison, | |
| Defendant. | |

This matter is before the Court on Defendant Jermaine Aquarius Edison's ("Edison") *pro se* Motion to Reconsider (Doc. No. 179 ("Motion")) the Court's July 9, 2020 Order denying his motion for compassionate release in light of the COVID-19 pandemic (Doc. No. 178 ("Denial")).[1] Edison now argues that release is appropriate because of an outbreak of COVID-19 at FCI Fort Dix where he is incarcerated. (Request at 1.) He contends that his facility failed to properly mitigate the spread of the virus and reiterates the medical conditions that he believes make him particularly vulnerable to COVID-19. (Request at 3.) The Government opposes Edison's Motion. (Doc. No. 181.)

---

[1] The Court found that "Edison's medical conditions [hypertension, obesity, and hyperlipidemia] [were] insufficiently extraordinary or compelling to warrant immediate release." (Denial at 6.) Specifically, the Court observed that while Edison's blood pressure fluctuated and bordered on hypertensive, "it appeared to be controlled with blood pressure medication and [was] currently below even the lowest threshold for a hypertension diagnosis." (*Id.* at 7.) The Court also noted that his hyperlipidemia was resolved. (*Id.*) The Court acknowledged that Edison's obesity placed him at increased risk for severe illness from COVID-19, but found that obesity alone did not satisfy the demanding standard necessary for compassionate release. (*Id.* at 8.)

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."[2]  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted).  The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances."  *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

The Court is mindful of Edison's concern after an outbreak of the virus at FCI Fort Dix.  Indeed, 590 inmates and 14 staff at this facility are currently positive for COVID-19 and 348 inmates and 45 staff have recovered.[3]  Federal Bureau of Prisons, <u>COVID-19: Coronavirus</u>, *https://www.bop.gov/coronavirus/* (last visited Jan. 5, 2021).  Fortunately, no inmates or staff have died.  (*Id.*)  It is clear that while the facility has been unable to control the spread of the virus, it has been able to effectively treat the ill and so far, has been able to able prevent any death.

Notwithstanding, the Court still finds that Edison's circumstances do not meet the demanding standard necessary for compassionate release.  As the Court observed in its Denial, Edison's only relevant medical condition is his obesity.  The Court found, and

---

[2]    Although motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure, *see United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010), the Supreme Court of the United States has recognized that motions for reconsideration are "a well-established procedural rule for criminal, as well as civil, litigation," *United States v. Healy*, 376 U.S. 75, 80 (1964).

[3]    At the time of the Denial, just 14 of the 2,780 inmates at FCI Fort Dix were positive for the virus and 25 had recovered.  (Denial at 8.)

continues to find, that obesity on its own is insufficient to satisfy the high bar necessary for compassionate release.

Certainly, an outbreak is unfortunate, but until a vaccine is widely available, some level of continued spread is inevitable.[4]  In spite of the risk, the Bureau of Prisons ("BOP") must continue to carry out its charge to incarcerate sentenced criminals to protect the public and any release must be balanced against the danger it poses to society. Here, the Court continues to find that release is not appropriate.  To the extent that Edison seeks transfer to a different facility, the Court encourages him to petition the warden at FCI Fort Dix as the BOP has exclusive authority to determine the placement of prisoners. *See* 18 U.S.C. § 3624(c)(2).

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jermaine Aquarius Edison's Motion to Reconsider the Court's July 9, 2020 Order denying his motion for compassionate release (Doc. No. [179]) is respectfully **DENIED**.

Date: January 6, 2021                                          s/Donovan W. Frank
                                                               DONOVAN W. FRANK
                                                               United States District Judge

---

[4]  Fortunately, a vaccine has now been approved and will soon be distributed to inmates.