UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-225 (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| Jermaine Aquarius Edison, | |
| Defendant. | |

This matter is before the Court on Defendant Jermaine Aquarius Edison's ("Edison") *pro se* motion for reduction of sentence under the First Step Act of 2010 ("FSA") and 18 U.S.C. § 3582(C)(1)(B).¹ (Doc. No. 187 ("Motion").) The United States of America (the "Government") opposes Edison's Motion.² (Doc. No. 189.)

---

¹ Edison's Motion also included a request for appointment of counsel. (Motion at 1.) "[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants." *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999); *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994). The Court respectfully denies his request.

² Edison's reply to the Government's opposition was due March 1, 2021. (Doc. No. 188.) On March 8, Edison filed a *pro se* motion for a time extension to file his reply. (Doc. No. 190.) Edison filed his reply on March 15, 2021. (Doc. Nos. 191 ("Reply I"), 192 ("Reply II") (collectively "Reply"). Finding good cause, the Court grants Edison's motion for a time extension and accepts his Reply as timely filed.

While titled and filed in response to the Government's opposition to his motion for reduction of sentence under the First Step Act, Edison's Reply I concerns his previously denied motion for compassionate release. (*See* Reply 1; *see also* Doc. Nos. 178, 182.) The Court understands that Edison disagrees with its conclusion that compassionate release was not warranted and that Edison continues to believe that the Court should reconsider its denial. Even if it were proper for the Court to consider Edison's Reply I as

On December 18, 2012, Edison pled guilty to one count of conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of crack cocaine , and a quantity of Ecstasy in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.  (Doc. No. 60.)

Based on the quantity of drugs Edison was accountable for, the United States Probation and Pretrial Services Office calculated his base offense level as 26 as part of its Pre-Sentence Investigation Report ("PSR").  (*See* PSR ¶ 27.)  As a career offender under U.S.S.G. § 4B1.1(b), the level was enhanced to 37.  (*See id.* ¶ 34.)  Because Edison accepted responsibility, his base offense level was adjusted to 34 pursuant to U.S.S.G. § 3E1.1.  (*See id.* ¶ 32.)  With a base offense level of 34 and criminal history score of VI, Edison's applicable guideline range of imprisonment as a career offender was 262-327 months.  (*See id.* ¶ 96.)  The PSR also indicated a statutory mandatory minimum of 120 months (5 years) pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851.[3]  (*See id.* ¶ 95.)  Because Edison provided substantial assistance to the Government in a different case, the Government recommended a 20 percent departure from the otherwise applicable guideline range, resulting in a recommended sentence of at least 210 months. (*See* Doc. No. 100 ("Sent'g Trans.") at 12-14.)

---

part of a completely separate Motion, it would not change the Court's analysis and conclusion that compassionate release is still not appropriate.

[3]   Prior to sentencing, the Government moved for an additional enhancement pursuant to 21 U.S.C. § 851 based on a prior felony drug conviction.  This increased Edison's mandatory minimum penalty on the conspiracy count from 5 years to 10 years and his maximum penalty from 40 years to life. 21 U.S.C. § 841(b)(1)(B).

On August 27, 2013, this Court sentenced Edison to 176 months' imprisonment followed by an eight-year term of supervised release. (*See* Doc. Nos. 91-92.) The Court started with a career offender guideline range of 262-327 months but found that Category VI overstated Edison's criminal history and departed downward to Category V. (Sent'g Trans. at 11, 46.) The resulting starting point was 235-262 months. The Court also gave a 25 percent reduction for Edison's substantial assistance, rather than the Government's recommended 20 percent. (*Id.* at 47.) Ultimately, the 176-month sentence represented a significant downward departure from the guideline range.

Edison appealed his sentence to the United States Court of Appeals for the Eighth Circuit. (Doc. No. 93.) Edison argued that his sentence was unreasonable and greater than necessary to achieve the statutory goals of sentencing. The Eighth Circuit affirmed the sentence imposed by this Court. *See United States v. Edison*, 756 F.3d 638 (8th Cir.), *cert. denied*, 574 U.S. 967 (2014). (Doc. Nos. 102-103).

On April 6, 2015, Edison submitted the a *pro se* motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 109). Edison's *pro se* motion was based upon Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table under U.S.S.G. § 2D1.1 across drug and chemical types and reduced drug quantity base offense levels by two levels, thereby lowering the advisory guidelines for certain drug offenses. The Court found that Amendment 782 did not lower the sentencing range established for a career offender and therefore denied Edison's motion. (Doc. No. 123.)

On April 8, 2020, Edison filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 153.) On May 14, 2020, the Court denied Edison's § 2255 motion as time-barred and duplicative of issues already adjudicated on direct appeal. (Doc. No. 156.)

In May and June 2020, Edison filed requests for compassionate release from custody due to the COVID-19 pandemic. (Doc. Nos. 155, 169.) The Court denied his requests on July 9, 2020. (Doc. No. 178 ("Denial").) On December 3, 2020, Edison asked the Court to reconsider its denial. (Doc. No. 179.) The court found no basis for reconsideration and denied his request on January 6, 2021. (Doc. No. 182; *see also* Doc. No. 186.) Edison filed the instant motion on January 21, 2021. (Motion.)

Edison now claims that he did not receive the benefit of the FSA's sentence reductions for crack cocaine at the time of his 2013 sentencing. (Motion at 1; Reply II at 1.) The Court finds nothing in the record to support this claim.

The FSA replaced the former 100-to-1 crack versus powder cocaine ratio with an 18-to-1 ratio. Under the FSA, the amount of crack cocaine needed to reach a 5-year mandatory minimum went from 5 grams to 28 grams, and the amount needed to reach a 10-year mandatory minimum went from 50 grams to 280 grams. Here, Edison's indictment, presentence report, and sentencing judgment all reflect that he received the benefit of the FSA's changes.

Specifically, Count 1 of his indictment, which he pled guilty to and was sentenced for, alleged that the 28 or more grams of crack cocaine involved in that count triggered a five-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B). (*See* Doc. No. 7 at 1.)

Prior to the FSA, 28 grams or more would have triggered a 10-year mandatory minimum. Edison's PSR also confirms that Edison received the benefit of the FSA. Because his offense involved multiple drugs, the amounts of cocaine, crack cocaine, and Ecstasy attributable to Edison were converted to their marijuana equivalent. (*See* PSR ¶ 27.)

For the crack cocaine, each gram of crack cocaine was converted to 3571 grams of marijuana. (*See* PSR ¶ 27.) This is the conversion ratio that applied post-FSA and is the same as the current conversion ratio. *See* U.S.S.G. § 2D1.1, Drug Conversion Table. Moreover, Edison's actual sentence of 176 months reflects that he received the benefits of the FSA.[4]

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jermaine Aquarius Edison's *pro se* motion for a time extension to file a reply (Doc. No. [190]) is **GRANTED** and his *pro se* motion to reduce sentence under the Fair Sentencing Act (Doc. No. [187]) is **DENIED**.

Date: March 24, 2021

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

[4] In his Reply II, Edison asserts that "the government needs to show proof that the sentencing judge stated on the record that [he] was sentenced in accordance with the Fair Sentencing Act." (Reply II at 1.) This is incorrect. Edison's below guidelines sentence of 176 months reflects that he was sentenced in accordance with the FSA, whether or not this Court verbally indicated as much on the record. The Court recognizes that the conversion of all drugs to their marijuana equivalent and enhancements based on Edison's prior drug conviction and being a career criminal may lead to confusion, however, it is simply incorrect that Edison did not receive the benefit of the FSA's sentence reduction.